UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEWELL CONLOGUE, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security,* )<br>)<br>    *Defendant* ) | No. 1:17-cv-00146-JAW |

## RECOMMENDED DISMISSAL

On April 25, 2017, the plaintiff, then represented by Attorney Francis M. Jackson, filed this appeal from a denial of Social Security benefits. *See* ECF No. 1. On September 7, 2017, the day before the plaintiff's statement of errors and fact sheet were due, Attorney Jackson filed an unopposed motion to withdraw as her attorney and to extend her deadline to file those items. *See* ECF Nos. 13-14. I granted that motion, directing the plaintiff to "file through successor counsel, or *pro se*, her statement of errors and fact sheet by October 10, 2017." ECF No. 15. No successor counsel entered an appearance on behalf of the plaintiff, and she did not file her statement of errors and fact sheet by the new October 10 deadline.

On October 13, 2017, I issued an Order To Show Cause, directing that the plaintiff "show good cause in writing, no later than November 3, 2017, why this action should not be dismissed for failure to prosecute, in light of [her] failure to timely file the itemized statement of errors and fact sheet." ECF No. 16. The clerk's office indicated, in a private notation on the CM/ECF docket, that it mailed a copy of the Order To Show Cause to the plaintiff.

The plaintiff did not show good cause by November 3, 2017, why this action should not be dismissed for failure to prosecute; nor has she done so since that deadline elapsed.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Department of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to show cause in writing why her case should not be dismissed warrants the dismissal of her action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Yet, although dismissal is appropriate, a separate issue remains whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct,

or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

In this case, the plaintiff failed to comply with two consecutive court orders, and with the court's local rules. This failure arguably warrants dismissal with prejudice; however, given her *pro se* status, and erring on the side of caution, I recommend that the case be **DISMISSED** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 19th day of November, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge